**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Case No.: 9:26-CV-80303

| | |
|---|---|
| YOLANDA DIAZ,<br><br>    Plaintiff,<br><br>v.<br><br>TURN TECHNOLOGIES INC.,<br><br>    Defendant. | **COMPLAINT AND DEMAND FOR<br>A JURY TRIAL** |

**COMPLAINT**

Yolanda Diaz ("Plaintiff") by and through her counsel brings the following Complaint against Turn Technologies Inc. ("Defendant" or "TTI") for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, arising out of an employment background check report that Defendant published to Plaintiff's potential employer, which falsely portrayed Plaintiff as a convicted misdemeanant.

**INTRODUCTION**

1. This is an individual action for damages, costs, and attorney's fees brought against Defendant pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

**PARTIES**

2. Plaintiff is a natural person residing in Lake Worth, Florida, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

3. Defendant TTI is a corporation doing business throughout the United States, including the State of Florida and in this District, and has a principal place of business located at 311 West Monroe Street, 3rd Floor, Chicago, Il 60606. Defendant can be served at its registered

agent for service Registered Agent Solutions, Inc. at 1200 South Pine Island Road Plantation, FL 33324.

4.      Among other things, Defendant sells background checks to employers for their use in deciding whether to offer employment to prospective employees or to take adverse action such as termination, failure to hire, or failure to promote.  These reports are provided in connection with a business transaction initiated by the employer.

5.      Defendant is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) because for monetary fees, it regularly engages in the practice of evaluating and/or assembling information on consumers for the purpose of furnishing consumer reports for employment purposes to third parties, and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such consumer reports.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

7.      Venue is proper in this District pursuant to 28 U.S.C. §  1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## STATUTORY BACKGROUND

8.      Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or credit, and when they applied for housing.  Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

9.      While recognizing that consumer reports play an important role in the economy,

*Yolanda Diaz v. Turn Technologies Inc.*
Complaint

Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

10. Congress, concerned about inaccuracies in consumer reports, specifically required consumer reporting agencies to follow "reasonable procedures to assure maximum possible accuracy" in consumer reports. 15 U.S.C. § 1681e(b).

11. Consumer reports that contain factually incorrect information which does not belong to the consumer at issue are neither maximally accurate nor fair to the consumers who are the subjects of such reports.

## THE FCRA'S PROTECTIONS FOR JOB APPLICANTS

12. Despite its name, the Fair Credit Reporting Act covers more than just credit reporting, it also regulates employment background check reports like the one Defendant prepared in Plaintiff's name.

13. The FCRA provides a number of protections for job applicants who are the subject of background checks for purposes of securing employment, housing, and other purposes.

14. In the parlance of the FCRA, background checks are "consumer reports," and providers of background checks, like Defendant, are "consumer reporting agencies." 15 U.S.C. §§ 1681a(d) and (f).

15. The FCRA imposes duties on consumer reporting agencies to assure that consumer reports are accurate and that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681.

16. Under 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the

individual about whom the report relates."

17.     Defendant disregarded its duties under the FCRA with respect to Plaintiff's background check report.

### DEFENDANT'S ILLEGAL BUSINESS PRACTICES

18.     Over the past 15 years, there has been increased collection and aggregation of consumer data, including criminal records and sex offender registration data.  As a result of the increasing availability of this data, there has been a boom in the background check industry.

19.     As summarized in a recent report by the Consumer Financial Protection Bureau[1], a 2018 survey of employers found that 95 percent of employers surveyed conducted one or more types of background screening.  CFPB Report at 4.

20.     The criminal background check industry takes in revenues in excess of three billion dollars, annually.

21.     Criminal background checks are generally created by running automated searches through giant databases of aggregated criminal record data.  The reports are created and disseminated with little to no manual, in-person review, and the court records are rarely directly reviewed in creating criminal background checks.

22.     Background check companies, like Defendant, collect millions of criminal records from a number of sources with data from county, state, and federal level sources.  The data included on the reports is often not obtained directly from court records on an individual basis but instead is purchased in bulk or scraped from court websites.

23.     Given that Defendant is in the business of selling background checks, Defendant

---

[1] CFPB, Market Snapshot: Background Screening Reports (Oct. 2019),
https://files.consumerfinance.gov/f/documents/201909_cfpb_market-snapshot-background-screening_report.pdf
("CFPB Report").

*Yolanda Diaz v. Turn Technologies Inc.*
Complaint

should be well aware of the FCRA and the attendant harm to consumers for reporting inaccurate or outdated information.

24.     Defendant places its business interests above the rights of consumers and reports such inaccurate information because it is cheaper for Defendant to produce reports containing information that is inaccurate and incomplete than it is for Defendant to exert proper quality control over the reports prior to their being provided to Defendant's customers.

25.     Defendant reports such erroneous and incomplete information because it wants to maximize the automation of its report creation process, thereby saving the costs associated with conducting the additional review necessary to remove the inaccurate or out-of-date entries.

26.     Defendant charges its customers the same price for reports that are grossly inaccurate as it does for accurate reports.

27.     Appropriate quality control review of Plaintiff's report would have made clear that Defendant was reporting criminal convictions that belong to an unrelated consumer who has a different Social Security Number and place of residence than Plaintiff.

## FACTS

**Plaintiff Applies for a Job with Corporate Cleaning Group Ft Lauderdale ("CCG")**

28.     In or around October 2025, Plaintiff applied for part-time employment with non-party CCG, located in Oakland Park, Florida.

29.     On or about October 31, 2025, after completing an interview, CCG invited Plaintiff to undergo a background check ("consumer report") as part of the hiring process.

**Defendant Published an Inaccurate Background Check Report to CCG**

30.     CCG contracts with Defendant to conduct background checks, including criminal background checks, on its prospective employees.

*Yolanda Diaz v. Turn Technologies Inc.*
Complaint

31.     On or about October 31, 2025, CCG ordered a criminal background check on Plaintiff from Defendant.

32.     On or about October 31, 2025, in accordance with its standard procedures, Defendant completed its consumer report about Plaintiff and sold the same to CCG.

33.     Within that consumer report, Defendant published inaccurate information about Plaintiff.

34.     Specifically, Defendant's consumer report about Plaintiff included fifteen (15) grossly inaccurate and stigmatizing misdemeanor convictions from Lorian County, Ohio, with some duplicated to make for a total of nineteen (19) convictions reported, which appeared in the consumer report as follows (the "Inaccurate Criminal Records"):

| Offense Description | Plea |
|---|---|
| 509.09 DISTURB PEACE | No plea entered |
| Crime Type | Source |
| Misdemeanor | Undefined |
| Offense Day | State |
| 12-09-2000 | OH |
| Disposition | Disposition Date |
| GUILTY | 12-12-2000 |
| Charges Filed Date | Sentence |
| Not provided | Not provided |

| | |
|---|---|
| Offense Description | Plea |
| 4511.19A1 OVI-LOW TIER | No plea entered |
| Crime Type | Source |
| Misdemeanor | Undefined |
| Offense Day | State |
| 10-31-2010 | OH |
| Disposition | Disposition Date |
| GUILTY | 02-15-2011 |
| Charges Filed Date | Sentence |
| Not provided | Not provided |

| | |
|---|---|
| Offense Description | Plea |
| 509.09 DISTURB PEACE | No plea entered |
| Crime Type | Source |
| Misdemeanor | Undefined |
| Offense Day | State |
| 12-09-2000 | OH |
| Disposition | Disposition Date |
| GUILTY | 12-12-2000 |
| Charges Filed Date | Sentence |
| Not provided | Not provided |

*Yolanda Diaz v. Turn Technologies Inc.*
Complaint

| Offense Description | Plea |
|---|---|
| 4511.19A1 OVI-LOW TIER | No plea entered |
| Crime Type | Source |
| Misdemeanor | Undefined |
| Offense Day | State |
| 06-14-2009 | OH |
| Disposition | Disposition Date |
| GUILTY | 06-16-2009 |
| Charges Filed Date | Sentence |
| Not provided | Not provided |

| Offense Description | Plea |
|---|---|
| 4511.19A1 OVI.08-LO TIER | No plea entered |
| Crime Type | Source |
| Misdemeanor | Undefined |
| Offense Day | State |
| 06-14-2009 | OH |
| Disposition | Disposition Date |
| NOT AVAILABLE | 06-16-2009 |
| Charges Filed Date | Sentence |
| Not provided | Not provided |

8/21

*Yolanda Diaz v. Turn Technologies Inc.*
Complaint

| | |
|---|---|
| **Offense Description** | **Plea** |
| 4511.35 DIVIDED HIGHWAY | No plea entered |
| **Crime Type** | **Source** |
| Minor Misdemeanor | Undefined |
| **Offense Day** | **State** |
| 06-14-2009 | OH |
| **Disposition** | **Disposition Date** |
| GUILTY | 06-16-2009 |
| **Charges Filed Date** | **Sentence** |
| Not provided | Not provided |

| | |
|---|---|
| **Offense Description** | **Plea** |
| 2919.25A DOMESTIC VIOLEN | No plea entered |
| **Crime Type** | **Source** |
| Misdemeanor | Undefined |
| **Offense Day** | **State** |
| 03-23-1999 | OH |
| **Disposition** | **Disposition Date** |
| GUILTY - REDUCED CHARGE | 04-09-1999 |
| **Charges Filed Date** | **Sentence** |
| Not provided | Not provided |

*Yolanda Diaz v. Turn Technologies Inc.*
Complaint

| Offense Description | Plea |
|---|---|
| 2919.25A DOMESTIC VIOLEN | No plea entered |
| Crime Type | Source |
| Misdemeanor | Undefined |
| Offense Day | State |
| 03-23-1999 | OH |
| Disposition | Disposition Date |
| GUILTY - REDUCED CHARGE | 04-09-1999 |
| Charges Filed Date | Sentence |
| Not provided | Not provided |

| Offense Description | Plea |
|---|---|
| 537.14A DOM VIOL | No plea entered |
| Crime Type | Source |
| Misdemeanor | Undefined |
| Offense Day | State |
| 08-07-2001 | OH |
| Disposition | Disposition Date |
| GUILTY | 09-05-2001 |
| Charges Filed Date | Sentence |
| Not provided | Not provided |

*Yolanda Diaz v. Turn Technologies Inc.*
Complaint

| | |
|---|---|
| Offense Description | Plea |
| 4511.19A1 OVI-LOW TIER | No plea entered |
| Crime Type | Source |
| Misdemeanor | Undefined |
| Offense Day | State |
| 10-31-2010 | OH |
| Disposition | Disposition Date |
| GUILTY | 02-15-2011 |
| Charges Filed Date | Sentence |
| Not provided | Not provided |

| | |
|---|---|
| Offense Description | Plea |
| 335.07 DUS | No plea entered |
| Crime Type | Source |
| Misdemeanor | Undefined |
| Offense Day | State |
| 05-02-2001 | OH |
| Disposition | Disposition Date |
| GUILTY | 05-10-2001 |
| Charges Filed Date | Sentence |
| Not provided | Not provided |

*Yolanda Diaz v. Turn Technologies Inc.*
Complaint

| Offense Description | Plea |
|---|---|
| 331.19 STOP SIGN | No plea entered |
| Crime Type | Source |
| Minor Misdemeanor | Undefined |
| Offense Day | State |
| 05-02-2001 | OH |
| Disposition | Disposition Date |
| GUILTY | 05-10-2001 |
| Charges Filed Date | Sentence |
| Not provided | Not provided |

| Offense Description | Plea |
|---|---|
| 537.14A DOM VIOL | No plea entered |
| Crime Type | Source |
| Misdemeanor | Undefined |
| Offense Day | State |
| 08-07-2001 | OH |
| Disposition | Disposition Date |
| GUILTY | 09-05-2001 |
| Charges Filed Date | Sentence |
| Not provided | Not provided |

*Yolanda Diaz v. Turn Technologies Inc.*
Complaint

| Offense Description | Plea |
|---|---|
| 335.07 DUS | No plea entered |
| Crime Type | Source |
| Misdemeanor | Undefined |
| Offense Day | State |
| 05-02-2001 | OH |
| Disposition | Disposition Date |
| GUILTY | 05-10-2001 |
| Charges Filed Date | Sentence |
| Not provided | Not provided |

| Offense Description | Plea |
|---|---|
| 331.19 STOP SIGN | No plea entered |
| Crime Type | Source |
| Minor Misdemeanor | Undefined |
| Offense Day | State |
| 05-02-2001 | OH |
| Disposition | Disposition Date |
| GUILTY | 05-10-2001 |
| Charges Filed Date | Sentence |
| Not provided | Not provided |

*Yolanda Diaz v. Turn Technologies Inc.*
Complaint

| | |
|---|---|
| Offense Description | Plea |
| DRIVING WHILE INTOXICATED | No plea entered |
| Crime Type | Source |
| Misdemeanor | Undefined |
| Offense Day | State |
| 06-09-1999 | OH |
| Disposition | Disposition Date |
| GUILTY | 11-10-1999 |
| Charges Filed Date | Sentence |
| Not provided | Not provided |

| | |
|---|---|
| Offense Description | Plea |
| NO OPERATORS LICENSE | No plea entered |
| Crime Type | Source |
| Misdemeanor | Undefined |
| Offense Day | State |
| 06-09-1999 | OH |
| Disposition | Disposition Date |
| GUILTY | 11-10-1999 |
| Charges Filed Date | Sentence |
| Not provided | Not provided |

*Yolanda Diaz v. Turn Technologies Inc.*
Complaint

| Offense Description | Plea |
|---|---|
| OBEY TRAFFIC CONTROL DEVICE | No plea entered |
| Crime Type | Source |
| Minor Misdemeanor | Undefined |
| Offense Day | State |
| 06-09-1999 | OH |
| Disposition | Disposition Date |
| GUILTY | 11-10-1999 |
| Charges Filed Date | Sentence |
| Not provided | Not provided |

| Offense Description | Plea |
|---|---|
| SEAT BELT REQUIRED-DRIVER | No plea entered |
| Crime Type | Source |
| Minor Misdemeanor | Undefined |
| Offense Day | State |
| 06-09-1999 | OH |
| Disposition | Disposition Date |
| GUILTY | 11-10-1999 |
| Charges Filed Date | Sentence |
| Not provided | Not provided |

35.     The Inaccurate Criminal Records as reported by Defendant about Plaintiff to CCG *do not* belong to Plaintiff.

36.     A cursory review of the widely available public court records confirms that the records belong to an unrelated female with a different middle name, Social Security number, and

*Yolanda Diaz v. Turn Technologies Inc.*
Complaint

address than Plaintiff (the "Non-Consumer").

37. Had Defendant actually consulted or obtained the widely available public court records regarding the Inaccurate Criminal Records, it would have seen obvious discrepancies between Non-Consumer and Plaintiff.

38. The discrepancies that should have caused Defendant to realize Plaintiff is not the same person as the Non-Consumer include the following:

(a) Plaintiff has never resided in or visited Ohio, yet the public court records regarding the Inaccurate Criminal Records indicate that Non-Consumer resided in Ohio at the time she committed the offenses;

(b) The Non-Consumer's middle name is "Diaz" and Plaintiff does not have a middle name; and,

(c) Plaintiff's Social Security number which was provided to Defendant, and is contained on the face of the subject consumer report and is different than that of the Non-Consumer.

39. The sole reason the Inaccurate Criminal Records were reported as belonging to Plaintiff was that Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it published within the consumer report it sold about Plaintiff to Plaintiff's prospective employer.

40. Had Defendant followed reasonable procedures, it would have discovered that the inaccurate, stigmatizing criminal convictions belong to an unrelated individual with a different middle name, Social Security Number, and who resides in a different part of the country than Plaintiff.

41. Upon information and belief, Defendant does not have reasonable procedures in

*Yolanda Diaz v. Turn Technologies Inc.*
Complaint

place to differentiate consumers with common names before publishing criminal records about a consumer.

42.      In preparing and selling a consumer report about Plaintiff, wherein Defendant published to Plaintiff's prospective employer inaccurate information about Plaintiff, Defendant failed to follow reasonable procedures to assure that the report was as accurate as maximally possible, in violation of 15 U.S.C. § 1681e(b).

**Plaintiff Withdraws Her Job Application**

43.      Shortly after Defendant's inaccurate reporting, Plaintiff obtained a copy of the subject consumer report and was shocked and humiliated upon reviewing and realizing that the serious criminal convictions of another, namely the Non-Consumer, were published in the consumer report Defendant sold about Plaintiff to CCG.

44.      Following Defendant's reporting of the Inaccurate Criminal Records, Plaintiff contacted CCG to withdraw her employment application.

45.      Plaintiff contacted CCG and informed them that she has never lived in Ohio, that she is not the Non-Consumer, and that the serious criminal convictions of Non-Consumer do not belong to her.

46.      Plaintiff was very panicked, confused, and concerned about the impact of the Non-Consumer's serious criminal convictions reported on the subject consumer report – specifically, the impact of the same on her future.

47.      Specifically, Defendant mismatched Plaintiff and the Non-Consumer and published the criminal records of the Non-Consumer onto the consumer report about Plaintiff and sold that report to Plaintiff's prospective employer.

48.      Defendant further duplicated the Inaccurate Criminal Records in their reporting to CCG, making it appear that Plaintiff had nineteen (19) total misdemeanor convictions.

*Yolanda Diaz v. Turn Technologies Inc.*
Complaint

49.     This exculpatory public record information was widely available to Defendant prior to publishing Plaintiff's consumer report to CCG, but Defendant failed to perform even a cursory review of such information.

**Plaintiff Disputed the Misinformation in Defendant's Consumer Report**

50.     On or about November 6, 2025, riddled with worry over the far-reaching impacts of being confused with the Non-Consumer, Plaintiff disputed the inaccurate information with Defendant, namely that she has never resided in or visited Ohio.  Plaintiff disputed via email with Defendant.

51.     On or about November 11, 2025, a representative from TTI responded, saying: "*Kindly note that we don't have addresses registered in OH on your report. If you need further assistance, please provide us with more context and specify the information you want us to review to assist you.*"

52.     On or about November 21, 2025, Plaintiff further supplemented her dispute to Defendant and identified the Inaccurate Criminal Records, stating that they do not belong to her, and provided identification and proof of address. Plaintiff disputed via certified mail with Defendant.

53.     Plaintiff identified herself and provided information to Defendant to support her dispute, explaining that she has never lived in Ohio and that the records must belong to someone else.

54.     Plaintiff specifically disputed the criminal records of the Non-Consumer.

55.     Plaintiff specifically stated that the criminal records of the Non-Consumer do not belong to Plaintiff.

56.     Plaintiff specifically asked Defendant to investigate and delete Non-Consumer's criminal records from any consumer report about Plaintiff.

*Yolanda Diaz v. Turn Technologies Inc.*
Complaint

57.     On or about December 19, 2025, Plaintiff received Defendant's correspondence confirming that it had reinvestigated Plaintiff's dispute and removed the criminal records from the subject consumer report.

58.     Defendant also communicated to Plaintiff that it had issued a corrected consumer report to CCG's Hiring Manager.

### Plaintiff's Damages

59.     Plaintiff reasonably believes that due to Defendant's inaccurate reporting in the first instance, CCG formed a negative opinion about Plaintiff.

60.     Defendant's inaccurate reporting had chilled her from applying for further employment opportunities until the reporting was corrected.

61.     Plaintiff maintains a primary job and is financially responsible for herself as the primary income earner in her household. The loss of potential wages placed additional strain on her finances.

62.     The situation caused substantial emotional distress. Plaintiff experienced anxiety, embarrassment, fear, frustration and disappoint from being falsely linked to a criminal.

63.     Plaintiff spent significant time attempting to correct the error, and has suffered from headaches, difficulty sleeping and feelings of depression since then.

64.     The Plaintiff remains concerned that similar errors could arise in background checks and negatively impact her employment prospects, and seeks to ensure that she is no longer associated with the criminal records of the Non-Consumer.

65.     The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to address. Under common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion

*Yolanda Diaz v. Turn Technologies Inc.*
Complaint

of privacy.

66. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of economic opportunities; loss of time and money trying to correct her background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

## CLAIMS FOR RELIEF

### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

67. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

68. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

69. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

70. At all times pertinent hereto, the above-mentioned consumer report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

71. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of the consumer report it sold about Plaintiff as well as the information it published within the same.

72. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, loss of economic opportunities; loss of time and money trying to correct her background check report; the expenditure of labor and effort disputing and trying to correct

the inaccurate reporting; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

73.     Defendant willfully violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

74.     Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs and awarding Plaintiff such other and furth relief as the Court may deem appropriate and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 20th day of March, 2026.

/s/ David Pinkhasov
David Pinkhasov, FL # 1040933
CONSUMER ATTORNEYS, PLLC
68-29 Main Street
Flushing, NY 11367
T: (718) 701-4605
F: (718) 247-8020
E: dpinkhasov@consumerattorneys.com

*Attorneys for Plaintiff Yolanda Diaz*

*Yolanda Diaz v. Turn Technologies Inc.*
Complaint